**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**
**HARRISBURG DIVISION**

| | |
|---|---|
| IN RE: | CASE NO.:  11-05808-MDF |
| **BONNIE J. LUTHER** | |
| *dba* **Mountain Tai Chi School** | CHAPTER 13 |
| *dba* **Bonnie Luther Farrier** | |
| Debtor | THE HONORABLE |
| | CHIEF UNITED STATES BANKRUPTCY JUDGE |
| **MAGNOLIA 2ⁿᵈ STREET HOLDINGS, LLC, successor by its assignment from MAGNOLIA PORTFOLIO ALPHA, LLC, successor by its assignment from MAGNOLIA PORTFOLIO, LLC, successor by its assignment from ORRSTOWN BANK** | MARY D. FRANCE |
| Movant | |
| **vs.** | |
| **BONNIE J. LUTHER** | |
| Respondent(s) | |

**MOTION OF MAGNOLIA 2ⁿᵈ STREET HOLDINGS, LLC**
**FOR RELIEF FROM THE AUTOMATIC STAY**

**120 Eagle Lane, New Bloomfield, Pennsylvania 17068**
**(Tax Parcel #050,071.00-005.000)**

Magnolia 2ⁿᵈ Street Holdings, LLC (the "Movant"), successor by its assignment from

Magnolia Portfolio Alpha, LLC, successor by assignment from Magnolia Portfolio, LLC,

successor by assignment from Orrstown Bank, respectfully moves this Court, under Bankruptcy

Code §§ 361, 362, 363, and other sections of Title 11 of the United States Code, under Federal

Rules of Bankruptcy Procedure 4001 and 9014, and under Local Bankruptcy Rule 4001-1, for an

Order conditioning, modifying, or dissolving the automatic stay imposed by Bankruptcy Code § 362.

## MEMORANDUM IN SUPPORT

### JURISDICTION

1.  The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.

2.  This is a core proceeding under 28 U.S.C. § 157(b)(2).

3.  Venue of this case and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

### PREDICATE FOR RELIEF

4.  This Motion is premised upon Section 362(d) of the Bankruptcy Code and is a contested matter within the meaning of Bankruptcy Rules 4001 and 9014.

### CAUSE EXISTS TO TERMINATE THE AUTOMATIC STAY

5.  Debtor obtained a loan from Orrstown Bank (the "Bank") in the original principal amount of $148,000.00, as thereafter modified from time to time (the "Note"), and which loan was evidenced by, among other things, a promissory note executed by Debtor and dated March 25, 2008. A true and accurate copy of the Note is incorporated herein by referenced and attached hereto as Exhibit A.

6.  The Note was secured, in part, by a second mortgage (the "Mortgage") on residential real property more commonly known as 120 Eagle Lane, New Bloomfield, Pennsylvania 17068 (Tax Parcel #050,071.00-005.000) (the "Property"). The Mortgage is dated March 25, 2008 and was filed for record and recorded in the Office of the Recorder of Deeds of Perry County, Pennsylvania on March 31, 2008 as Instrument #200802571. A true and accurate

copy of the Mortgage, including the legal description of the Property, is incorporated herein by reference and attached hereto as Exhibit B.

      7.     Debtor is the owner of the Property.

      8.     Bank assigned the Note to Magnolia Portfolio, LLC through a certain allonge ("Allonge 1") to the Note on or about December 20, 2012, thus transferring to Magnolia Portfolio, LLC all right, title and interest in and to the Note.  By virtue of Allonge 1, Magnolia Portfolio, LLC become the holder of the Note and all related loan documents with respect to the loan.  A true and accurate copy of Allonge 1 is incorporated herein by reference and attached hereto as Exhibit A.

      9.     Magnolia Portfolio, LLC assigned the Note to Magnolia Portfolio Alpha, LLC through a certain allonge ("Allonge 2") to the Note on or about August 28, 2013, thus transferring to Magnolia Portfolio Alpha, LLC all right, title and interest in and to the Note.  By virtue of Allonge 2, Magnolia Portfolio Alpha, LLC become the holder of the Note and all related loan documents with respect to the loan.  A true and accurate copy of Allonge 2 is incorporated herein by reference and attached hereto as Exhibit A.

      10.     Magnolia Portfolio Alpha, LLC assigned the Note to Magnolia 2nd Street Holdings, LLC through a certain allonge ("Allonge 3") to the Note on or about February 4, 2015, thus transferring to Magnolia 2nd Street Holdings, LLC all right, title and interest in and to the Note.  By virtue of Allonge 3, Magnolia 2nd Street Holdings, LLC become the holder of the Note and all related loan documents with respect to the loan.  A true and accurate copy of Allonge 3 is incorporated herein by reference and attached hereto as Exhibit A.

      11.     Movant has possession of the Note.

12.     The Mortgage was assigned by Bank to Magnolia Portfolio, LLC through a certain assignment of mortgage ("Assignment of Mortgage 1") on or about February 11, 2013, thus transferring to Magnolia Portfolio, LLC all right, title and interest in and to the Mortgage. Assignment of Mortgage 1 was filed for record and recorded in the Office of the Recorder of Deeds of Perry County, Pennsylvania on February 20, 2013 as Instrument #201301268.  By virtue of Assignment of Mortgage 1, Magnolia Portfolio, LLC become the holder of the Mortgage and all related loan documents with respect to the loan.  A true and accurate copy of Assignment of Mortgage 1 is incorporated herein by reference and attached hereto as Exhibit B.

13.     The Mortgage was subsequently assigned by Magnolia Portfolio, LLC to Magnolia Portfolio Alpha, LLC through a certain assignment of mortgage ("Assignment of Mortgage 2") on or about August 8, 2013, thus transferring to Magnolia Portfolio Alpha, LLC all right, title and interest in and to the Mortgage.  Assignment of Mortgage 2 was filed for record and recorded in the Office of the Recorder of Deeds of Perry County, Pennsylvania on August 15, 2013 as Instrument #201306236.  By virtue of Assignment of Mortgage 2, Magnolia Portfolio Alpha, LLC become the holder of the Mortgage and all related loan documents with respect to the loan.  A true and accurate copy of Assignment of Mortgage 2 is incorporated herein by reference and attached hereto as Exhibit B.

14.     The Mortgage was subsequently assigned by Magnolia Portfolio Alpha, LLC to Magnolia 2nd Street Holdings, LLC through a certain assignment of mortgage ("Assignment of Mortgage 3") on or about February 4, 2015, thus transferring to Magnolia 2nd Street Holdings, LLC all right, title and interest in and to the Mortgage.  Assignment of Mortgage 3 was filed for record and recorded in the Office of the Recorder of Deeds of Perry County, Pennsylvania on February 9, 2015 as Instrument #201500751.  By virtue of Assignment of Mortgage 3, Magnolia

2nd Street Holdings, LLC became the holder of the Mortgage and all related loan documents with respect to the loan. A true and accurate copy of Assignment of Mortgage 3 is incorporated herein by reference and attached hereto as Exhibit B.

15.     Movant has possession of the Mortgage.

16.     On August 22, 2011, Debtor filed her Chapter 13 Plan ("Plan"). *See* Doc. 23.

17.     Under the Plan, Debtor proposed to make mortgage and other direct payments outside the Plan to Bank, Magnolia 2nd Street Holdings, LLC's predecessor-in-interest. *See* Plan at ¶ 2(B). The Plan further proposed that the Trustee would distribute pre-Petition arrearages to Bank, Magnolia 2nd Street Holdings, LLC's predecessor-in-interest. *See* Plan at ¶ 2(C).

18.     On April 12, 2012, this Court entered an Order confirming the Plan. *See* Doc. 27.

19.     As of this Motion, the Plan still has several months to run, and Debtor has not yet obtained her discharge.

20.     Debtor is now in default of 44 monthly installment payments beginning with the installment payment due on or before May 25, 2012. The current unpaid balance (principal, interest, late charges, and other fees) is $121,446.90 as of January 22, 2016. A payment history with respect to Debtor's account is attached hereto as Exhibit C.

21.     On May 15, 2014, counsel for Movant advised Debtor's counsel, via email, that Movant's records indicated that payments under the Note were in default and that Movant had authorized the filing of this Motion. Debtor's counsel has not provided a substantive response to the email.

ARGUMENT

22.     The Plan provided that Debtor will make the monthly payments owed to Movant pursuant to the Note. Additionally, the Plan called for the Chapter 13 Trustee to make additional

payments each month to Movant to pay the arrears. The Court confirmed the Plan. The Plan is a binding contract between Debtor and Movant, on which Movant is entitled to rely and which it is entitled to ask this Court to enforce. Movant, therefore, respectfully requests that the Court order Debtor to cure the arrears within a reasonable time. In the alternative, as discussed below, if Debtor is unable to cure the arrears within a reasonable time, Movant requests that the Court terminate the automatic stay.

23. Movant's records reflect that Debtor is delinquent with respect to Debtor's post-confirmation Plan payments. Failure to make multiple post-confirmation Plan payments on a secured obligation constitutes cause to terminate the automatic stay. Section 362(d)(1) of the Bankruptcy Code provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> (1) for cause, including lack of adequate protection of an interest in property of such party in interest

24. Cause is not defined under the Bankruptcy Code and must be determined on a case by case basis based upon an examination of the totality of the circumstances. *In re Mac Donald*, 755 F.2d 715, 717 (9th Cir. 1985).

25. A debtor's failure to make post-petition mortgage payments as they become due in a Chapter 13 case may constitute prima facie "cause" for relief from the automatic stay under section 362(d)(1). *In re Nichols*, 440 F.2d 432, 435 (6th Cir. 2006).

26. Under these authorities, relief from the automatic stay is not automatic merely because Debtor has missed Plan payments. The Court must examine the facts to determine whether cause exists. Relevant factors include whether the default is material, whether the

6

debtor has the ability to make the Plan payments and cure the arrears and whether the default was caused by circumstances beyond the debtor's control.

27.    Here, the arrears are material within the context of this case and the delinquency has persisted for many months without explanation.  Debtor has not attempted to communicate with Movant to reach an accommodation and has not responded to Movant's attempt to contact Debtor's counsel, nor has Debtor moved to modify the Plan to obtain relief due to circumstances beyond Debtor's control.  Debtor has just stopped paying under the Note.  Under these facts, cause exists to terminate the automatic stay.

CONCLUSION

WHEREFORE, for the reasons set forth above, Movant respectfully requests that the Court enter an Order terminating the automatic stay so that Movant may exercise its rights under applicable non-bankruptcy law as to the Property, including, but not limited to foreclosure, and granting Movant such other and further relief as the Court deems just and proper.

Respectfully submitted by:

**GINGO PALUMBO LAW GROUP LLC**

*/s/ **Michael J. Palumbo***

Michael J. Palumbo, Esquire
Pa. I.D. No. 313431
Summit One
4700 Rockside Road, Suite 440
Independence, Ohio 44131
Telephone: (216) 503-9512
Facsimile: (888) 827-0855
E-Mail: michael@gplawllc.com
*Counsel for Magnolia 2nd Street Holdings, LLC, successor by its assignment from Magnolia Portfolio Alpha, LLC, successor by assignment from Magnolia Portfolio, LLC, successor by assignment from Orrstown Bank*